UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF PENNSYLVANIA

ZHANG GUANG HUA

    PETITIONER

VS.

JANET RENO, U.S ATTORNEY GENERAL

    RESPONDENT

1:CV00-1256

DOCKER No. _____

FILED SCRANTON
JUL 14 2000
PER _____ DEPUTY CLERK

RECEIVED SCRANTON
JUN 29 2000
PER _____ DEPUTY CLERK

***************************

### PETITION FOR WRIT OF HEBEAS CORPUS
### PURSUANT TO 28 U.S.C 2241

Come now, Petitioner **ZHANG GUANG HUA**, pro se, in the above cited cause of action and respectfully moves this Honorable court to grant him relief pursuant to 28 U.S.C 2241 as to his claim of constitutional due process violation based on his continue detention in the custody of INS.

Petitioner urge this honorable court to consture this petition liberally and cure all procedural errors as adjusted by the united states supreme court to states and federal court in **Haines v. kermer 404 u.s 519 (1972)**

In support of this petition, petitioner states as follows:

Petitioner is a citizen and native of china who entered into united states on may 1996. petitioner was taken into the custody of the INS pursuant to a final order of deportation entered on may 6,1998.
petitioner has truthfully supplied all necessary information and documents to assist the deportation officer to fasten his deportation back to china. petitioner has not interfer with the removal process and INS could not deport him back to china.

    IT is well established under §241(a)(1) of the INA, that the Attorney-General must remove an alien from the United States within the removal period. The removal period is defined as the 90 days period following the date that the order of removal becomes administratively final.

Petitioner undertakes this petition because his continued incarceration in the

custody of the INS violates his constitutional due process of the fifth Amendment.

## ISSUES PRESENTED FOR REVIEW

Whether the continued detention of a person who could not be deported back to his country after the 90 days removal period or who has not been reviewed for possible release, violates his constitutuonal due process to fifth Amendment.

## ARGUMENT IN SUPPORT

The fifth Amendment of the United States Constitutional mandates that **"no person shall be deprived of life, liberty or property without due process of Law"** This due process of law protection extends not only to United States citizens, but also to any person within the the territorial United States, like the petitioner.

In the instant case at bar, Petitioner was found removed on May 6, 1998 to his country, China.
He has faithfully provided to the INS deportation officer, all relevant information necessary to further his removal process.

Petitioner is not being incarcerated pending deportation. Rather, he is just being incarcerated for the simple fact that INS could not deport him to China.
This does not justify continued detention considering the fact that deportation is not a criminal proceeding, and its purpose is not punitive. See **INS v. Lopez-Mandoza**, 486 U.S. 524 (1984); **Carlson v. Landon**, 342 U.S. 524 (1984). Detention pending deportation was not intended by Congress as punishment, rather, the detention serves as a regulatory purpose, preventing aliens from dissapearing pending the resolution of deportation proceedings. Therefore, when there is no longer deportation proceedings, the detention looses its regulatory purpose as intended by Congress and then continued will be punitive and also will violate both substantive and procedural due process.

In **United States v. Zadedas**, 986 F. Supp. 1011 (E.D.LA. 1997), the District Court found that indefinite detention of a deportable alien violates both substantive and procedural process.
In **Wong-Wing v. UNited States**, 163 U.S.228 (1896), the Supreme Court held tha

imprisonment of deportable Chinese aliens, constitute "punishment" and hence could not be imposed unless the alien is given full due process protection given to those charged with criminal acts. Although, the statute at issue in **Wing-Wong's** case purported to be an "immigration" statute, the Court held that Congress authority over immigration, including the power to deport aliens ( and to detain aliens as an incident of deportation) did not give Congress the power to force deportable aliens to serve prison time before being deported without a "juidicial trial" to establish the guilt of the accused, Id., at 227. Therefore, Petitioner's continued detention cannot be justified as criminal punishment.

Congress being aware of the punishment and violation of due process in prolonged detention or indefinite detention, authorized the Attorney-General through Immigration legislation to release any alien under with a final order of removal, under an order of supervision, where such alien cannot be removed within 90days removal period, provided the alien did not interfere with the removal process. See **INA** §241.4.

Apart from Congressional legislation in **8 C.F.R. 241.4**, the Immigration and Naturalization Service established its own policy guideline after the expiration of the removal period in compliance with the Congressional legislation. See Attached "exhibit A" dated August 6th, 1999, INS memo).

The interim procedures pursuant to the provision of **8 C.F.R. 2241 No. 6** clearly states that "the fact that an alien has a criminal history does not create a presumption in favor of continued detention." This reasoning is also supported by the third Circuit Court of Appeals decision in **Ngo v. INS**, F.3d (cited as 1999 WL 74414, 3rd Cir. PA), and Middle District Court of Pennsylvania on **Sombat Map Kay V. Reno**, NO, Civ. A.1: Cv_99-02551 (M.D. PA., April 18, 2000) and also **Ma v. Reno**, 56 F.Supp. 2d 1165 (W.D. Wash. 9th Cir. Feb. 14, 2000).

In this case, Petitioner has been under the custody of INS after his final order of removal on May 6, 1998 without any review or interview.

For the reasons stated above, Petitioner respectfully requests this **honorable**

-4-

Court to grant his Habeas Corpus and order his release from INS detention.

Respectfully Submitted,

_____

Zhang Guang Hug #0000255
Snyder County Prison,
600 OLd Colony Road,
Selisgrove, PA 17870

ATTACHMENT A



U.S. Department of Justice
Immigration and Naturalization Service

HQOPS 50/14.6-C

Office of the Executive Associate Commissioner

425 I Street NW
Washington, DC 20536

AUG 6 1999

MEMORANDUM FOR ALL REGIONAL DIRECTORS
DISTRICT DIRECTORS
OFFICERS IN CHARGE

FROM:       Michael A. Pearson
            Executive Associate Commissioner
            Office of Field Operations

SUBJECT:    <u>Interim Changes and Instructions for Conduct of Post-order Custody Reviews</u>

This memorandum addresses several changes to current procedures regarding post-order detention procedures for aliens whose immediate repatriation is not possible or practicable.[1] Current regulations, 8 C.F.R. § 241.4, provide that the decision whether to detain or release such an alien is made by the District Director. In the near future, the Service will begin the rulemaking process to propose a program modeled after the Cuban Review Plan of 8 CFR section 212.12 to address post-order custody cases. The custody of Mariel Cubans will continue to be governed by 8 CFR 212.12. Until this more permanent program is implemented, several changes are being made to the current procedures set forth in the memoranda of February 3, and April 30, 1999. These changes are effective immediately. All offices will follow identical procedures in conducting reviews of post-order custody cases, using the forms listed at the conclusion of this memorandum. The forms will be distributed to all offices.

The Attorney General and the Commissioner have agreed that these procedures, as detailed below under the heading "Interim Procedures," will include written notice to the alien of custody reviews. The notice will advise the alien that he may present information supporting a release, and he may be assisted by an attorney or other person at no expense to the government. The alien will receive an in-person interview at the first custody review following expiration of the removal period. Thereafter, the alien will receive a separate notice of the opportunity for an annual interview. The alien will be provided written reasons for INS custody decisions.

---

[1] See the memoranda from Michael Pearson, Executive Associate Commissioner for Field Operations, February 3, 1999: <u>Detention Procedures for Aliens Whose Immediate Repatriation is Not Possible or Practicable</u>, and April 30, 1999: <u>Supplemental Detention Procedures</u>.

MEMORANDUM FOR ALL REGIONAL DIRECTORS
                        DISTRICT DIRECTORS
                        OFFICERS IN CHARGE

SUBJECT:   Interim Changes and Instructions for Conduct of Post-order Custody Reviews

The District Director will continue to make custody determinations within the ninety-day removal period under the memoranda of February 3, and April 30, 1999. The next scheduled review shall be nine months from the date of the final administrative order of removal or six months after the last review, whichever is later. That review will include an interview and is subject to review at INS Headquarters if the District Director has determined that the alien should remain in custody. Thereafter, reviews will be conducted at six-month intervals, alternating between a file review by the District Director (without an interview unless the District Director, in his discretion, determines that one would be useful, and without Headquarters review), and a review with the opportunity for an interview at the alien's request and with Headquarters review.

No case subject to a Headquarters review will be considered a final custody decision until the District level decision has been ratified through the Headquarters review or resolved after referral back to the District. If the Headquarters reviewer concludes that the District Director should reconsider his decision or that further documentation is required to support the District Director's decision, the case shall be forwarded to the Regional Office with a cover memorandum and instructions to refer the case back to the District for further consideration or documentation. The Headquarters reviewer shall detail the issues that resulted in the referral and forward the case to the Regional Office.

Regional Directors are responsible for working with the District Director to comply with the Headquarters instructions on referrals. In addition, the Regional Director is responsible for preparation of statistics on the custody reviews conducted in each district.

## INTERIM PROCEDURES

(1) Pursuant to the provisions of 8 C.F.R. § 241.4, the District Director will continue to conduct a custody review of administratively final order removal cases before the ninety-day removal period mandated by § 241(a)(1) expires for aliens whose departure cannot be effected within the removal period.

(2) These procedures apply to any alien ordered removed who is inadmissible under § 212, removable under 237(a)(1)(C), 237(a)(2), or 237(a)(4) or who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal. They cover aliens convicted of an aggravated felony offense who are subject to the provisions of old INA § 236(e)(1) – (3), and non-aggravated felon aliens with final orders of exclusion. Mariel Cubans are excluded from these procedures as parole reviews for them are governed by 8 C.F.R. § 212.12. The ninety-day review will be conducted pursuant to the instructions set out in the memoranda of February 3 and April 30, 1999. District Directors may, in their discretion, interview the alien if they believe that an interview would facilitate the custody review.

MEMORANDUM FOR ALL REGIONAL DIRECTORS
                  DISTRICT DIRECTORS
                  OFFICERS IN CHARGE

SUBJECT: Interim Changes and Instructions for Conduct of Post-order Custody Reviews

(3) Following expiration of the ninety-day removal period, the next scheduled review provided by the District Director shall be nine months from the date of the final administrative order of removal or six months after the last review, whichever is later. Written notice shall be given to each alien at least 30 days prior to the date of the review. The notice will be provided either by personal service or certified mail/return receipt. The notice shall specify the factors to be considered and explain that the alien will be provided the opportunity to demonstrate by clear and convincing evidence that he is not a threat to the community and is likely to comply with the removal order.

(4) For the review discussed in paragraph 3 above, an interview is mandatory and the District Director's preliminary decision will be subject to Headquarters review. Thereafter, custody reviews will be conducted every six months, alternating between District Director file reviews and a review that includes the opportunity for an interview at the alien's request and a Headquarters review of detention decisions. A separate notice will advise the alien of the opportunity for the interview. The alien may check the appropriate box on the notice, returning the form provided within 14 calendar days so that an interview may be scheduled. The District Director has the discretion to schedule further interviews if he determines they would assist him in reaching a custody determination.

(5) The alien must be advised that he may submit any information relevant to support his request for release from detention, either in writing, electronically, by U.S. mail (or any combination thereof), or in person if an interview is conducted. The alien must also be advised that he may be represented by an attorney, or other person at no expense to the government. If an interview has been scheduled, the alien's representative may attend the review at the scheduled time.

(6) The District Director may delegate custody decisions to the level of the Assistant District Director, Deputy Assistant District Director, or those acting in their capacity. Custody determinations will be made by weighing favorable and adverse factors to determine whether the detainee has demonstrated by clear and convincing evidence that he does not pose a threat to the community, and is likely to comply with the removal order. See 8 C.F.R. § 241.4. The alien's past failure to cooperate in obtaining a travel document shall be considered an adverse factor in determining eligibility for release. See INA § 241(a)(1)(C) Suspension of Period. The fact that the alien has a criminal history does not create a presumption in favor of continued detention.

(7) Within thirty days of the District Director's custody review, the alien must receive written notification of a custody decision. All notification will be provided either by personal service or certified mail/return receipt. A decision to release should specify the conditions of release. A decision to detain will clearly delineate the factors presented by the alien in support of his release, and the reasons for the District Director's decision.

MEMORANDUM FOR ALL REGIONAL DIRECTORS
DISTRICT DIRECTORS
OFFICERS IN CHARGE

SUBJECT: Interim Changes and Instructions for Conduct of Post-order Custody Reviews

(8) With respect to those detain decisions that are subject to Headquarters review under paragraph 4, the District Director's determination that the alien should be detained is to be regarded as only preliminary. In those instances, the Regional Directors will forward the preliminary detain decisions to Headquarters for review. Headquarters review will be conducted by Operations and Programs representatives (with assistance from the Office of General Counsel as necessary). Where the Headquarters reviewer's decision concurs with the District Director's, the Headquarters reviewer will write a supporting statement and will seek concurrence from a second Headquarters reviewer. Where the two reviewers differ, a panel of three Headquarters reviewers will conduct a further review of the case. The Headquarters panel may ratify the District Director's decision, return the case to the District Director to reconsider his decision, or determine that additional information is required to make a decision. The Headquarters review must be completed within thirty days of file receipt. The Headquarters review conclusions will be forwarded to the Regional Director for distribution to and appropriate action by the District Director.

(9) The District Director will review his decision in light of the Headquarters recommendations and will notify the alien of the final custody determination within thirty days of completion of the Headquarters review.

(10) The District Director should make every effort to effect the alien's removal both before and after expiration of the removal period. All steps to secure travel documents must be fully documented in the alien's file. However, if the District Director is unable to secure travel documents locally after making diligent efforts to do so, then the case shall be referred to Headquarters OPS/DDP for assistance. More detailed instructions will be issued from the Executive Associate Commissioner for Operations by separate memorandum.

(11) On August 30, 1999, and on the last workday of each quarter (September, December, March, June) each district shall submit a custody review status report to its Regional office and to Headquarters. There will be more detailed instructions issued on reporting procedures at a later time.

## FORMS  [to be distributed]

(a) Notice to Alien
(b) Notice of Interview
(c) Detained Alien Custody Review Worksheet
(d) Decision of Custody Review
(e) Decision to Continue Detention
(f) Decision to Release
(g) Custody Review Status Report