IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ZHANG GUANG HUA,<br>  Petitioner | : No. 1:CV-00-1256<br>:<br>: |
| v. | : (Judge Caldwell) |
| JANET RENO,<br>  Respondent | : PRSCC Q<br>: |

FILED
HARRISBURG, PA
AUG 4 2000
MARY E. D'ANDREA, CLERK
Per _____

RESPONSE TO
ORDER TO SHOW CAUSE

### Introduction

The petitioner Zhang Guang Hua is a convicted felon, a criminal alien, and a native and citizen of China. Zhang, who has completed service of a criminal sentence for interference with commerce by threats now challenges his detention by the Immigration and Naturalization Service ("INS") through a habeas corpus petition under 28 U.S.C. § 2241. Zhang's habeas petition advances a single narrow claim. In this petition, Zhang does not challenge the order of removal entered against him; rather, he claims that his continued detention pending repatriation to China violates his constitutional rights. On this narrow ground, Zhang--a deportable alien and felon--seeks release from INS custody. Because Zhang has received that process which is due an alien detainee in his situation, his petition for habeas corpus should be denied.

## Statement of the Case

With respect to this case, the pertinent facts can be simply stated:

The petitioner, Zhang Guang Hua, is a Chinese National who entered the United States illegally without INS inspection on or about May 2, 1996 near San Ysidro, California. Government's Response to Order to Show Cause, Exhibit A (hereinafter "Exhibit ____"). One month after his illegal entry into the United States, on June 6, 1996, the Immigration and Naturalization Service (INS) commenced deportation proceedings against Zhang by serving him with an Order to Show Cause, and an arrest warrant. Exhibit A.

On May 6, 1998, these deportation proceedings culminated with th entry of a deportation order against Zhang. Exhibit B. This order was entered against Zhang, in absentia, by the Immigration Judge since Zhang had absconded prior to these final deportation proceedings and was a fugitive. Id. With the entry of this deportation order, INS commenced efforts to locate, apprehend and deport Zhang.

While INS was engaged in efforts to locate this deportable alien, Zhang was indulging in criminal acts in this country. One month after the entry of this deportation order, on June 18, 1998 Zhang engaged in conduct which resulted in his indictment in New York on a federal charge of interference with

2

commerce by threats or violence, in violation of Title 18, United States Code, Section 1951. Exhibit C. On June 24, 1999 Zhang was convicted of this offense and sentenced to a term of imprisonment for his role in this violent crime. Id.[1]

Following his conviction for this crime, Zhang was housed at the Federal Correctional Institution, Allenwood. Exhibit D. On May 5, 2000, upon completion of this criminal sentence, Zhang remanded to INS custody to complete the deportation of this criminal alien to his homeland. Id. As part of this process, INS promptly contacted Chinese consular officials in order to arrange travel certificates for Zhang. Exhibit E.

While these deportation efforts were proceeding, on June 29, 2000, Zhang filed his "Hebeas [sic] Corpus Petition Pursuant To 28 U.S.C. § 2241" (hereinafter "petition"). On July 20, 2000, the Court issued an Order to Show Cause requiring Respondents to file a response by August 7, 2000.

Even while this habeas petition has been pending, INS continued to actively pursue Zhang's deportation and afford him procedural protections while in INS custody. Thus, on July 24, 2000, in accordance with INS regulations, Zhang was provided with

---

[1] It was a condition of this criminal sentence that Zhang "cooperate with the Immigration and Naturalization Service in any proceedings it may initiate". Exhibit C, page 3.

3

notice of an INS file Custody Review. This review is presently scheduled for on or about August 2, 2000. Exhibit F.

## Question Presented

Whether petitioner's continued detention by the INS constitutes a deprivation of due process in violation of the United States Constitution.

Suggested answer in the negative.

## Argument

This case proceeds on a single, narrow claim. The habeas petition filed by Zhang does not challenge this criminal alien's order of removal. Rather, the petition challenges his detention pending removal as a violation of his constitutional rights.

With respect to this narrow issue, the United States notes at the outset that Zhang has mischaracterized the facts. In his petition, Zhang flatly states that he "was taken into the custody of the INS pursuant to a final order of deportation entered on May 6, 1998." Petition at page 1.

This assertion is untrue. Indeed, INS records reveal that, at the time of the entry of this May 6, 1998 final order of deportation Zhang was not in INS custody. Quite the contrary, Zhang was a fugitive. While a fugitive, Zhang indulged in violent criminal conduct in this country, conduct which resulted in a federal conviction and service of a criminal sentence until May 5, 2000. Only after Zhang completed service of this criminal sentence did he remand into INS custody. Thus, this is not a

4

case in which an alien has been held in INS custody for 2 ½ years, as Zhang suggests in his petition. Rather, Zhang's INS administrative custody has spanned only 2 ½ months, since he completed his federal criminal sentence.

Thus, Zhang has presently spent less than 90 days in INS custody. Under the current immigration code, this simple fact is itself fatal to Zhang's habeas petition. As a matter of law, Zhang cannot show that this 90 day detention is illegal. Quite the contrary, this detention is actually mandatory during the first 90 days of a criminal alien's removal period, when federal law directs that "the Attorney General <u>shall</u> <u>detain</u> the alien." 8 U.S.C. § 1231(a)(1)(C) (emphasis added).

Moreover, Zhang errs when he implies that even this brief period of INS detention has elapsed without INS administrative review of his custodial status. Zhang's custodial status is presently under review by INS, a fact which is known to Zhang, who received notice of this review and an opportunity to challenge his continued detention in administrative proceedings. Exhibit F.

More fundamentally, Zhang's petition errs as a matter of law when it suggests that this brief term of INS detention breaches some fundamental constitutional rights of this criminal alien. Such claims, while frequently made by aliens pending removal from the United States, have rarely been embraced by the courts.

5

Indeed, the United States Court of Appeals for the Third Circuit recently addressed this issue in the context of an excludable alien, and joined six other circuits[2] in holding that criminal aliens may be detained by the INS for lengthy periods when removal is beyond the control of the INS and when appropriate provisions for parole are available. Ngo v. INS, 192 F.3d 390 (3rd Cir. 1999). Accordingly, Zhang's petition for habeas corpus should be denied.

In Ngo, *supra*, the Third Circuit held that the detention of aliens for prolonged periods when the countries of origin refuse to allow their return is constitutionally and statutorily permissible if the INS provides individualized periodic review of eligibility for release on parole. Id., at 392, 394-98. The Circuit went on to analyze the detailed Interim Procedures governing the periodic review applicable to aliens in INS custody. These procedures, which are set forth in their entirety as an appendix to the Ngo decision, require review during the

---

[2] See Zadvydas v. Underdown, 185 F.3d 279, 294-95 (5th Cir. 1999); Parra v. Perryman, 172 F.3d 954, 958 (7th Cir. 1999); Guzman v. Tippy, 130 F.3d 64 (2nd Cir. 1997); Gisbert v. U.S. Attorney General, 988 F.2d 1437, 1447 (5th Cir. 1993); Alvarez-Mendez v. Stock, 941 F.2d 956 (9th Cir. 1991); Garcia-Mir v. Meese, 788 F.2d 1446 (11th Cir.); Palma v. Verdeyen, 676 F.2d 100, 103-104 (4th Cir. 1982). See also Barrera-Echavarria v. Rison, 44 F.3d 1441, 1450 (9th Cir.)(en banc), cert. denied, 116 S.Ct. 479 (1995)("An excludable alien ... has no due process rights regarding his admission or exclusion ...."). See also In re Mariel Cubans, 822 F.Supp. 192, 195-96 (M.D.Pa. 1993)(continued detention pending deportation does not violate aliens' due process rights).

6

first 90 days after entry of a final removal order and every six months thereafter. The procedures require thirty days written notice to the detainee under review, and require that the notice specify the factors to be considered in determining whether the detainee should be released. Under the procedures, the detainee is entitled to present any relevant information, in writing, electronically, by mail, or in person. Further, the detainee is entitled to be represented by an attorney or other person. See Ngo v. INS, Appendix, 192 F.3rd at 400-401.

After carefully reviewing the Interim Procedures, the Third Circuit held:

> We have reviewed these rules carefully and conclude that conscientiously applied, they provide reasonable assurance of fair consideration of a petitioner's application for parole pending removal.
>
> * * * *
>
> Among other things, the rules require an individualized analysis of the alien's eligibility for parole, present danger to society and willingness to comply with the removal order. Moreover, they do not result in placing additional cases on the already overloaded dockets of immigration judges.
>
> * * * *
>
> Our reading of the Interim Rules suggests that they will encourage good faith review. So long as petitioner will receive searching periodic reviews, the prospect of indefinite detention without hope for parole will be eliminated. In these circumstances, due process will be satisfied.

Id., at 398-399.

...

...

On December 30, 1999, the Third Circuit amended the Ngo decision, making it clear that the decision was intended to apply only to *excludable* aliens, and that the Court did not intend to express an opinion with regard to *deportable* aliens.  However, nothing in the rationale of the Ngo decision suggests that the Third Circuit will find the Interim Procedures constitutionally inadequate when the Court is faced with a case involving a deportable alien.  On the contrary, although the Ngo case involved an excludable alien, the Court suggested that its rationale would apply to criminal aliens under final order of exclusion, deportation, or removal, stating:

> To summarize, case law holds there is no constitutional impediment to the indefinite detention of an alien with a criminal record under a final order of exclusion, deportation, or removal if (1) there is a possibility of his eventual departure; (2) there are adequate and reasonable provisions for the grant of parole; and (3) detention is necessary to prevent a risk of flight or a threat to the community.

192 F.3d at 397.

Moreover, this Court has already expressly adopted the Third Circuit's reasoning in Ngo, and extended that reasoning to a case involving a deportable, rather than an excludable, alien.  See Martinez v. INS, 1:CV-00-1891 (May 17, 2000).

In this case, Zhang has only been in INS custody for 2 ½ months.  Yet, despite his brief detention Zhang has received a notice of custody review from INS, informing him that he will

8

have a face-to-face interview at which he will be able to present information indicating that he should be released.

These INS procedures, which are already being followed in Zhang's case, provide for periodic, searching review of Zhang's custody status, and permit him to be released if he can demonstrate that he is not a danger to the community or a flight risk. Therefore, the procedures currently being applied to Zhang satisfy the Third Circuit's due process standards as set forth in Ngo, and Zhang is not entitled to relief in the form of an order compelling INS to release this fugitive felon, illegal alien pending his deportation.

### Conclusion

For the foregoing reasons, Respondents respectfully request that this Court deny the petition for writ of habeas corpus.

Respectfully submitted,

DAVID M. BARASCH
United States Attorney


*Martin C. Carlson*
MARTIN C. CARLSON
Assistant United States Attorney
228 Walnut Street, 2nd Floor
P.O. Box 11754
Harrisburg, PA 17108-1754
(717) 221-4482

Date: August 4, 2000

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ZHANG GUANG HUA ) NO. 1:CV-00-1256
)
vs. )
)
JANET RENO )

CERTIFICATE OF SERVICE

The undersigned hereby certifies that, this 4th day of August, 2000, he served a copy of the foregoing on the following by transmitting a copy of the same to the petitioner

Zhang Guang Hua
Snyder County Prison
600 Old Colony Road
Selinsgrove, Poa. 17870

_____
MARTIN C. CARLSON
Assistant U.S. Attorney