IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ZHANG GUANG HUA, | : | No. 1:CV-00-1256 |
| Petitioner | : | |
| | : | FILED |
| v. | : (Judge Caldwell) | HARRISBURG, PA |
| | : | AUG 4 2000 |
| JANET RENO, | : | |
| Respondent | : | MARY E. D'ANDREA, CLERK Per_____ |

**EXHIBITS IN SUPPORT OF GOVERNMENT'S RESPONSE
IN OPPOSITION TO ORDER TO SHOW CAUSE**

AND NOW, the United States of America, by its undersigned counsel, submits the following Exhibits in Support of the Government's Response in Opposition to the Order to Show Cause in the above-captioned case:

Exhibit A      June 6, 1996
INS Order to Show Cause and
Deportation Warrant,
Zhang Guang Hua

Exhibit B      May 6, 1998
Final Deportation Order,
Zhang Guang Hua

Exhibit C      June 24, 1999
Judgment in Criminal Case,
<u>United States v. Zhang Guang Hua</u>

Exhibit D      May 5, 2000
Release of Immigration Detainee,
Zhang Guang Hua

Exhibit E      June 21, 2000
INS Letter to Chinese Consulate,
RE - Zhang Guang Hua

Exhibit F

July 24, 2000
INS Notice to Alien of File
Custody Review,
Zhang Guang Hua

Respectfully submitted,

DAVID M. BARASCH
United States Attorney

*Martin C. Carlson*
MARTIN C. CARLSON
Assistant United States Attorney
228 Walnut St., 2nd Floor
P. O. Box 11754
Harrisburg, PA  17108-1754
(717) 221-4482

Date: August 4, 2000

**U.S. Department of Justice**
Immigration and Naturalization Service

Order to Show Cause and Notice of Hearing

---

## ORDER TO SHOW CAUSE AND NOTICE OF HEARING
### (ORDEN DE PRESENTAR MOTIVOS JUSTIFICANTES Y AVISO DE AUDIENCIA)

In Deportation Proceedings under section 242 of the Immigration and Nationality Act.
*(En los trámites de deportación a tenor de la sección 242 de la Ley de Inmigración y Nacionalidad.)*

**United States of America:**
*(Estados Unidos de América:)*

File No. __A70 108 188__
*(No. de registro)*
Dated __June 6, 1996__
*(Fechada)*

In the matter of __ZHANG, Guang Hua__ (Respondent)
*(En el asunto de)* *(Demandado)*
Address
*(Dirección)*

Telephone No. (Area Code)
*(No. de teléfono y código de área)*

Upon inquiry conducted by the Immigration and Naturalization Service, it is alleged that:
*(Según las indagaciones realizadas por el Servicio de Inmigración y Naturalización, se alega que:)*

1) You are not a citizen or national of the United States;
   *(Ud. no es ciudadano o nacional de los Estados Unidos)*

2) You are a native of __China__ and a citizen of __China__ ;
   *(Ud. es nativo de China    y ciudadano de China)*

3) You entered the United States at or near __San Ysidro, California__ on or about __May 02, 1996__ ;
   *(Ud. entró a los Estados Unidos en o cerca de San Ysidro, California    el día o hacia esa fecha 02 de mayo de 1996)*

4) **You were not then inspected by an Immigration Officer;**
   *(Ud. no fue inspeccionado entonces por un funcionario de inmigracion)*

Form I-221 (Rev. 6/12/92) N

Page 1

**U.S. Department of Justice**
Immigration and Naturalization Service

Order to Show Cause and Notice o

| | |
|---|---|
| Respondent ZHANG, Guang Hua | Dated June 6, 1996 |
| (Demandado) | (Fechada) |
| | File No. A70 108 188 |
| | (No. de registro) |

AND on the basis of the foregoing allegations, it is charged that you are subject to deportation pursuant to the provision(s) of law:

(Y según los alegatos anteriores, se le acusa de estar sujeto a deportación de acuerdo con la(s) siguiente(s) dispo de la ley:)

Section 241(a)(1)(B) of the Immigration and Nationality Act (Act), as amended in that you entered the United State inspection.
(Sección 241(a)(1)(B) de la Ley de Inmigracion y Nacionalidad (INA), segun enmendada, en que Ud. entro a los Estados Unidos sin inspeccion.

WHEREFORE, YOU ARE ORDERED to appear for a hearing before an Immigration Judge of the Executive Immigration Review of the United States Department of Justice at:

(POR LO CUAL, SE LE ORDENA comparecer ante un juez de inmigración de la Oficina Ejecutiva de R Inmigración del Departamento de Justicia de los Estados Unidos en:)

Address   TO BE CALENDARED AND NOTICE PROVIDED BY THE EXECUTIVE OFFICE FOR IMMIGRATION REVIEW.
(Dirección)   NOTICE WILL BE MAILED TO THE ADDRESS PROVIDED BY THE RESPONDENT.
   (La Oficina del juez de inmigración enviará un aviso a la dirección facilitada por el demandado con la fecha de la audienci
On _____   At _____
(Fecha)   (Hora)

and show cause why you should not be deported from the United States on the charge(s) set forth above.
(y mostrar motivos justificantes por cual no debería ser deportado de los Estados Unidos por los cargos expresados ante

| | |
|---|---|
| Dated June 6, 1996 | Signature of Issuing Officer |
| (Fechada) | (Firma del funcionario que la expide) |
| City and State of Issuance Los Angeles, California | Title of Issuing Officer Assistant District Director, Investiga |
| (Ciudad y Estado donde se expide) | (Titulo del funcionario que la expide) |

U.S. Department of Justice
Immigration and Naturalization Service

# WARRANT
## FOR ARREST OF ALIEN
*(Orden de arresto del extranjero)*

**UNITED STATES OF AMERICA**
*(Estados Unidos de América)*
**DEPARTMENT OF JUSTICE**
*(Departmento de Justicia)*
**IMMIGRATION AND NATURALIZATION SERVICE**
*(Servicio de Inmigración y Naturalización)*

File No. __A70 108 188__
*(No. del registro)*

To any officer in the service of the United States Immigration and Naturalization Service:
*(A cualquier funcionario del Servicio de Inmigración y Naturalización de los Estados Unidos:)*

From evidence submitted to me, it appears that: *(Según las pruebas que se me han presentado, al parecer:)*

__ZHANG, Guang Hua__, an alien who entered this country at or near *(extranjero que entró a este país aproximadamente por)* __San Ysidro, California__ on or about *(aproximadamente, el día)* __May 02, 1996__, is within the United States in violation of the immigration laws and is therefore liable to being taken into custody as authorized by section 242 of the Immigration and Nationality Act. *(se encuentra en los Estados Unidos en violación de las leyes de inmigración y, en consecuencia, está expuesto a arresto de acuerdo con la sección 242 de la Ley de Inmigración y Nacionalidad.)*

By virtue of the authority vested in me by the immigration laws of the United States and the regulations issued pursuant thereto, I command you to take the above named alien into custody for proceedings thereafter in accordance with the applicable provisions of the immigration laws and regulations. *(En virtud de la autoridad que me han otorgado las leyes de inmigración de los Estados Unidos y los reglamentos promulgados conforme a las mismas, le ordeno que arreste al extranjero mencionado anteriormente para que se someta a los trámites consiguientes según las disposiciones pertinentes de las leyes y los reglamentos de inmigración.)*

Signature: [signature]
*(Firma)*
Title: Assistant District Director, Investigations
*(Título)*
Date: June 6, 1996
*(Fecha)*

---

**CERTIFICATE OF SERVICE**

Served at __Los Angeles, CA__ on __06/10/__ 19__96__ at __2:30__ am/**pm**

[signature]
Signature of Officer/Employee

[signature]
Title of Officer/Employee

Form I-200 (Revised 6/12/92) N

Department of Justice
Immigration and Naturalization Service

Notification to Alien of Conditions of Release or Detention

HANG, Guang Hua
Name
(Nombre)

A70 108 188
File Number
(Número del Registro)

## NOTIFICATION TO ALIEN OF CONDITIONS OF RELEASE OR DETENTION
(AVISO AL EXTRANJERO SOBRE LAS CONDICIONES DE SU DETENCION O PUESTA EN LIBERTAD)

Pursuant to the authority of Part 242.2, Title 8, Code of Federal Regulations, an authorized officer has determined that, pending a final determination of deportability in your case, and, in the event you are ordered deported, until your departure from the United States is effected, but not to exceed six months (except in the case of an alien convicted of an aggravated felony) from the date of the final order of deportation under administrative processes, or from the date of the final order of the court if judicial review is had, you shall be:

De acuerdo con lo dispuesto en la Parte 242.2 del Título 8, Código de Reglamentos Federales, un funcionario autorizado ha decidido que, mientras se llega a una decisión definitiva con respecto a su deportación y, en el caso de que se ordene la misma, hasta que tenga lugar su salida de los Estados Unidos, pero que no exceda más de seis meses (salvo en el caso de un extranjero condenado por un delito grave con agravantes) después de la fecha de la orden definitiva de deportación por trámites administrativos, o a partir de la fecha definitiva de la orden del tribunal, de haber revisión judicial, Usted sea:

X Detained in the custody of this Service
(Detenido bajo la custodia del Servicio)

___ Released on an Order of Recognizance (Form I-220A)
(Puesto en libertad en virtud de una Orden de Obligación de Comparecer) (Formulario I-220A)

___ Released under bond in the amount of     $_____
(Puesto en libertad bajo fianza por la cantidad de)

You may accept this custody determination or you may request a redetermination by an immigration judge.
(Usted puede aceptar esta decisión de custodia o solicitar que el juez de inmigraión tome otra decisión).

I do X  do not ___ request redetermination of the custody decision by an immigration judge.
(Solicito)   (no solicito)   (que el juez de inmigración determine de nuevo acerca de esta decisión de custodia).

x 張光華
Signature of respondent
(Firma del demandado)

06/10/96
Date
(Fecha)

### CERTIFICATE OF SERVICE

Served at Los Angeles, CA on 06/10, 19 96 at 2:30 a.m./p.m.

Signature of Officer/Employee

Examiner
Title of Officer/Employee

### RESULT OF CUSTODY REDETERMINATION

On _____, 19____, custody status/conditions for release were reconsidered by:

[ ] Immigration Judge (EOIR)    [ ] District Director    [ ] Board of Immigration Appeals

The results of the redetermination/reconsideration are:

[ ] No Change-Original determination upheld.
[ ] Detain in custody of this Service.
[ ] Bond amount reset to $_____.

[ ] Release-Order of Recognizance (I-220A).
[ ] Release-Personal Recognizance.
[ ] Other: _____.

Signature/Title

Form I-286(Rev. 6-12-92) N



| | |
|---|---|
| This Order to Show Cause shall be filed with the Immigration Judge of the Executive Office for Immigration Review at the address provided below. You must report any changes of your address or telephone number in writing to this office: | Esta Orden de Presentar Motivos Justificantes será registrada con la Oficina Ejecutiva de Revisión de Inmigración en la siguiente dirección. Debe notificar cualquier cambio de su domicilio o número de teléfono por escrito a: |

The Office of the Immigration Judge

_____

_____

_____

## Certificate of Translation and Oral Notice

This Order to Show Cause ☒ was   ☐ was not   read to the named alien in the _Mandarin_ language, which is his/her native language or a language which he/she understands.

_06/10/96_  _[Signature]_  _D. Tchan / [illegible]_
Date        Signature             Printed Name and Title of Translator

_300 N. Los Angeles St   Los Angeles, CA 90012_
Address of Translator (If other than INS employee) or office location and division (if INS employee)

(If oral notice was not provided please explain)

| Manner of Service | Alien's Right Thumb Print |
|---|---|
| ☒ Personal Service to Alien<br>☐ Certified Mail - Return Receipt Requested<br>　☐ Alien<br>　☐ Counsel of Record | [thumbprint] |

## Certificate of Service

This Order to Show Cause was served by me at _Los Angeles_ on _06/05/_ 19 _96_
at _2:30_ p. m.

_[Signature]_   _D. Tchan_   _IS_   _Los/ASU_
Officer's Signature   Printed Name   Title   Office

× 张光华

Alien's Signature (acknowledgment/receipt of this form)
(Firma de extranjero/acuse de recibo)

### Request for Prompt Hearing and Waiver of 14-Day Minimum Period
*(Solicitud de audiencia inmediata y renuncia al plazo mínimo de 14 días)*

To expedite determination of my case, I request an immediate hearing, and waive my right to the 14 day notice.
*(Para agilizar la decisión sobre mi caso, solicito una audiencia inmediata y renuncio a mi derecho a un plazo mínimo de 14 días.)*

× 张光华                                    _06/10/96_
Signature of Respondent                    Date
(Firma de demandado)                       (Fecha)

Form I-221 (Rev. 6/12/92) N                                        Page 5

**U.S. DEPARTMENT OF JUSTICE**
Executive Office for Immigration Review
Office of the Immigration Judge

In the Matter of:    Case No.: A 7_ 1_5 1__

Zhang Guang Hua    Docket: New York

RESPONDENT/~~APPLICANT~~    IN Deportation PROCEEDINGS

**ORDER OF THE IMMIGRATION JUDGE**

On May 6 1997 , at 1 AM/PM, pursuant to proper notice, the above entitled matter was scheduled for a hearing before an Immigration Judge for the purpose of hearing the merits relative to the respondent's/~~applicant~~'s request for relief from deportation/~~exclusion~~. However,

☐   the respondent/applicant was not present.
☒   the respondent's/~~applicant~~'s representative was present; however, the respondent/~~applicant~~ was not present.
☐   neither the respondent/applicant nor the respondent's/applicant's representative was present.

Therefore, as no good cause was given in regard to the failure to appear at the hearing concerning the request for relief, I find that the respondent/~~applicant has~~ abandoned any and all claim(s) for relief from deportation/~~exclusion~~.

Wherefore, the issue of deportability/~~excludability~~ having been resolved, it is **HEREBY ORDERED** for the reasons set forth in the Immigration and Naturalization Service charging document

☐   that the applicant be excluded and deported from the United States.
☒   that the respondent be deported from the United States to People's Rep. of China .

_____
Immigration Judge

Date: 5-6-97

Appeal: RESERVED/WAIVED ( A / I / B )

Form EOIR - 36
REV. - JUNE 93

AO 245B (Rev. 8/96) Sheet 1 - Judgment in a Criminal Case

# United States District Court

## Southern District of New York

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| v. | (For Offenses Committed On or After November 1, 1987) |
| Zhang Gua Hua | Case Number: 1:98CR00683-004 |
| | Thomas Nooter |
| | Defendant's Attorney |

**THE DEFENDANT:**

☒ pleaded guilty to count(s)  ONE

☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.

☐ was found guilty on count(s) _____ after a plea of not guilty.

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. ' 1951 | Interference with commerce by threats or violence. | 06/18/1998 | One |

RECEIVED JUL - 6 1999

The defendant is sentenced as provided in pages 2 through  5  of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☒ Count(s)  2 of the Indictment 98 CR. 683   is dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

| Defendant's Soc. Sec. No.: | 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 | 06/24/1999 |
|---|---|---|
| Defendant's Date of Birth: | 09/25/1978 | Date of Imposition of Judgment |
| Defendant's USM No.: | 43855-054 | |
| Defendant's Residence Address: | | A TRUE COPY  Clerk |
| Unsecured | | Signature of Judicial Officer   By Deputy Clerk |
| xxxxxxxxxxxxxxxxxxxxxxxxxxx  XX  xxxxxxx | | Robert W. Sweet |
| Defendant's Mailing Address: | | United States District Judge |
| Unsecured | | Name & Title of Judicial Officer |
| xxxxxxxxxxxxxxxxxxxxxxxxxxx  XX  xxxxxxx | | 6-24-99 |
| | | Date |

AO 245B (Rev. 8/96) Sheet 3 - Supervised Release

Judgment-Page __3__ of __5__

DEFENDANT: Zhang Gua Hua
CASE NUMBER: 1:98CR00683-004

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of __2__ year(s).

1. Defendant Hua shall cooperate with the Immigration and Naturalization Service in any proceedings it may initiate.

2. Defendant Hua supervision shall be by the district of Hua's residence.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

☒ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☒ The defendant shall not possess a firearm as defined in 18 U.S.C. § 921. (Check, if applicable.)

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page (if indicated below).

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev. 8/96) Sheet 5, Part A - Criminal Monetary Penalties

Judgment-Page __4__ of __5__

DEFENDANT: Zhang Gua Hua
CASE NUMBER: 1:98CR00683-004

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: | $ 100.00 | $ | $ |

☐ If applicable, restitution amount ordered pursuant to plea agreement . . . . . . . . . . . . . $ _____

## FINE

The above fine includes costs of incarceration and/or supervision in the amount of $ _____.

The defendant shall pay interest on any fine of more than $2,500, unless the fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ The interest requirement is waived.

☐ The interest requirement is modified as follows:

## RESTITUTION

☐ The determination of restitution is deferred until _____. An Amended Judgment in a Criminal Case will be entered after such a determination.

☐ The defendant shall make restitution to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below.

| Name of Payee | *Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| Totals: | $ _____ | $ _____ | |

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994 but before April 23, 1996.

AO 245B (Rev. 8/96) Sheet 5, Part B - Criminal Monetary Penalties

Judgment-Page __5__ of __5__

**DEFENDANT:** Zhang Gua Hua
**CASE NUMBER:** 1:98CR00683-004

# SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

A  [X]  in full immediately; or

B  [ ]  $ _____ immediately, balance due (in accordance with C, D, or E); or

C  [ ]  not later than _____ ; or

D  [ ]  in installments to commence _____ day(s) after the date of this judgment. In the event the entire amount of criminal monetary penalties imposed is not paid prior to the commencement of supervision, the U.S. probation officer shall pursue collection of the amount due, and shall request the court to establish a payment schedule if appropriate; or

E  [ ]  in _____ (e.g. equal, weekly, monthly, quarterly) installments of $ _____ over a period of _____ year(s) to commence _____ day(s) after the date of this judgment.

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

Special instructions regarding the payment of criminal monetary penalties:

[ ] The defendant shall pay the cost of prosecution.

[ ] The defendant shall forfeit the defendant's interest in the following property to the United States:

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program are to be made as directed by the court, the probation officer, or the United States attorney.

**U.S. DEPARTMENT OF JUSTICE**
Federal Bureau of Prisons

**RELEASE OF IMMIGRATION DETAINEE WITH SUPERVISION TO FOLLOW**

### INSTRUCTIONS

1. This form is completed only on inmates with *INS Detainers* who also are being released with supervision to follow (*i.e., Parole, Mandatory Release, Mandatory Parole, Probation, or Special Parole Term*). Bureau of Prisons Unit Staff are to complete all of Section A, *except* item 14, which is completed by Inmate Systems Staff upon remanding the inmate to *INS* authorities.

2. **SECTION B.** is to be completed by U.S. Immigration and Naturalization staff and copies mailed to both the U.S. Parole Commission and U.S. Probation Office if the Detainee is released to the United States with Parole, Mandatory Release, or Special Parole Term supervision remaining.

3. If the Detainee has only Probation supervision or supervised release remaining, a copy is mailed only to the Probation Office. The U.S. Parole Commission does not require a copy.

4. **INSTRUCTION TO INS OFFICER RELEASING DETAINEE:** Each detainee released to the United States with any type of supervision is to be advised that he or she is responsible for reporting to the nearest U.S. Probation Office within 72 hours of release from *INS* custody. The detainee is to be given a copy of this form.

### SECTION A.  (SEE INSTRUCTIONS)

1. Institution and Address/CPM Office
   FCI Allenwood
   P.O. Box 2500
   White Deer, Pennsylvania 17787-2500

2. Date: 04-10-00

3. Inmate's Last Name, First Middle: Hua, Zhang Gua
4. Register Number: 43855-054
5. INS Number: 70108188
6. FBI Number: 999305CB5

7. Case Manager's/CPM's Name: D.B. Cozza-Kozicki
7a. Case Manager's/CPM's Signature: D.B. Cozza-Kozicki
7b. Case Manager's/CPM's Phone (FTS): (570) 547-7950

8. U.S. Parole Commission Regional Office (Address): N/A
9. U.S. Probation Office (District of Conviction & Address): 500 Peral Street, 7th Floor, New York, New York 10007-1594

8a. ATTN: (Analyst) N/A
8b. Phone: (FTS) N/A
9a. ATTN: (CUSPO) Chris J. Stanton
9b. Phone: (FTS) (212) 805-0040

10. Type of Release (Check one):
    ☐ Parole Date ____ (Attach Notice of Action copy and Parole Certificate.)
    ☒ Good Conduct Release
    ☐ Mandatory Release Date ____ (Attach copy of Mandatory Release Certificate.)

11. Is there a Special Parole Term to follow?
    ☒ No
    ☐ Yes (Certificate attached) Length of SPT: ____

    Is there a Supervised Release Term to follow?
    ☐ No
    ☒ Yes  Length of Term: 2 Years

12. Is there a period of Probation to follow Incarceration?
    ☒ No
    ☐ Yes  Length of Probation: ____

13. Full Term Expiration Date: ____

14. Date of Release to INS Custody and Signature of Legal Tech:
    Date: 5-5-00    Signature: [signature]

### SECTION B.  (This Section to be completed by INS)

15. ☐ Subject was released from INS Custody on Bond/Recognizance on date of ____
15a. Detainee's U.S. ADDRESS:

16. ☐ Subject was removed from the United States on Date of: ____
17. ☐ Other (Specify, i.e., died, etc.)

18. Signature and Title of INS Officer
    Office Location
    Date

Original  - Probation Office
Green     - Parole Commission
Canary    - Inmate
Pink      - INS
Goldenrod - BOP



**U.S. Department of Justice**
Immigration and Naturalization Service

A70 108 188

---

PO Box 209
White Deer, PA 17887

June 21, 2000

Consulate General of China
520 12th Avenue
New York, NY 10036

RE: Guang Hua ZHANG
    A70 108 188

Dear Sir;

Enclosed herewith is information relating to Mr. ZHANG, a native and citizen of China for whom a travel certificate is respectfully requested.

For your records and information, Mr. ZHANG had been confined at the Federal Correctional Complex at Allenwood, PA. He had been convicted of Interference with Commerce by Threats or Violence and was released to INS custody on May 5, 2000.

Mr. ZHANG last entered the United States at San Ysidro, California on May 02, 1996. He had been ordered removed from the United States by the Immigration Judge on May 06, 1998.

Thank you in advance for your time and attention to this matter. Please contact John Crosson, Deportation Officer, at (570) 547-6903, if you require any additional information on this or any other matter.

Sincerely,

Robert M. Culley
Institutional Hearing Program Director

Enclosures:
I-217
Photographs
Copy of Charging Document
Copy of Order
Copy of Warrant of Removal



U.S. Department of Justice
Immigration and Naturalization Service

P.O. Box 209
White Deer, PA 17887

Guang Hua ZHANG                                    A#70 108 188
C/O Snyder County Prison
600 Old Colony Road
Selinsgrove, PA 17870

## *Notice to Alien of File Custody Review*

You are detained in the custody of the Immigration and Naturalization Service (INS) and you are required to cooperate with the INS in effecting your removal from the United States. If the INS has not removed you from the United States within the removal period as set forth in INA 241(a) (normally 90-days) of either: 1) your entering INS custody with a final order of removal, deportation or exclusion, or 2) the date of any final order you receive while you are in INS custody, the INS District Director will review your case for consideration of release on an Order of Supervision. Release, however, is dependent on your demonstrating by "clear and convincing evidence" that you **will not** pose a danger to the community and **will not** be a significant flight risk.

Your custody status will be reviewed on or about: August 02, 2000. District Director may consider, but is not limited to considering the following:

1. The nature and seriousness of your criminal convictions;
2. Other criminal history;
3. Sentence(s) imposed and time actually served;
4. History of escapes, failures to appear for judicial or other proceedings, and other defaults;
5. Probation history;
6. Disciplinary problems while incarcerated;
7. Evidence of rehabilitative effort or recidivism;
8. Equities in the United States;
9. Prior immigration violations and history; and
10. Cooperation in obtaining your travel document.

You may submit any documentation you wish to be reviewed in support of your release, prior to the date listed above, to the attention of the Officer and address below. English translations must be provided pursuant to 8 CFR 103.2(b)(3). An attorney or other person may submit materials on your behalf.

U.S. Department of Justice
**Immigration and Naturalization Service**
Attn: John C. Crosson
P.O. Box 209
White Deer, PA 17887

---

METHOD OF SERVICE
I certify that this form was provided to the alien by:     (Hand)     (Institution Mail)
( ) CC: Attorney of Record or Designated Representative
( ) CC: A-file

_____        JOHN C CROSSON        7/24/00
Signature of Officer              Print Name of Officer    Date
(Final 10/18/99)

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ZHANG GUANG HUA ) NO. 1:CV-00-1256
)
vs. )
)
JANET RENO )

CERTIFICATE OF SERVICE

The undersigned hereby certifies that, this 4th day of August, 2000, he served a copy of the foregoing on the following by transmitting a copy of the same to the petitioner

Zhang Guang Hua
Snyder County Prison
600 Old Colony Road
Selinsgrove, Poa. 17870

MARTIN C. CARLSON
Assistant U.S. Attorney