See Attachment

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ZHANG GUANG HUA,

    Petitioner

v.                          CIVIL NO. 1:CV-00-1256

JANET RENO,               (Judge Caldwell)

    Respondent

FILED
HARRISBURG, PA

NOV 20 2000

MARY E. D'ANDREA, CL
Per _____ Deputy Clerk

M E M O R A N D U M

I.   Introduction.

    Zhang Guang Hua, a deportable alien, has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2241. The petitioner principally contends that his prolonged detention in INS custody awaiting deportation to China violates his right to due process under the Fifth Amendment. Because petitioner is receiving all the process that is due him, the petition will be denied.

II.   Background

    From the submissions of the parties, the following appears to be an accurate statement of the case. Petitioner is a Chinese National who entered the United States illegally on or about May 2, 1996, without Immigration and Naturalization Service ("INS") inspection. One month after his entry into the United States, on June 6, 1996, the INS commenced deportation proceedings against petitioner by serving him with an Order to Show Cause and an arrest

warrant. On May 6, 1998, a final order of deportation was entered against petitioner. This order was entered in absentia by the Immigration Judge since petitioner had absconded prior to the final deportation proceedings and, as such, was a fugitive. Efforts were thereafter made by the INS to locate and arrest petitioner.

One month after entry of the final deportation order, on June 24, 1998, petitioner engaged in criminal conduct which resulted in his indictment in New York on a federal charge of interference with commerce by threats of violence in violation 18 U.S.C. § 1951. On June 24, 1999, petitioner was convicted of this offense and sentenced to prison.

Following his conviction, petitioner was confined at the Federal Correctional Institution at Allenwood, Pennsylvania. On May 5, 2000, upon completion of his sentence, he was remanded to INS custody. The INS thereafter contacted the Chinese consular officials in order to arrange travel documents for him. On July 24, 2000, petitioner was provided with notice of an INS "File Custody Review." The review was scheduled for on or about August 2, 2000.

While the INS was attempting to effectuate petitioner's deportation, on June 29, 2000, he sent the instant habeas corpus petition to the Clerk of Court, which was filed on July 14, 2000. In his petition he states that his final order of deportation was entered on May 6, 1998, and that he does not challenge the deportation. He claims that because the INS is unable to

effectuate his deportation, his continued detention in INS custody from May 6, 1998, without review, violates the Fifth Amendment.

III. Discussion

This court has jurisdiction over petitioner's constitutional challenge to his continuing detention pending execution of the removal order. See Chi Thon Ngo v. INS, 192 F.3d 390, 393 (3d Cir. 1999); Cuesta Martinez v. INS, 97 F. Supp. 2d 647 (M.D. Pa. 2000) (Caldwell, J.). Petitioner maintains that he is being held in INS custody without being allowed an opportunity to show that continued confinement is unwarranted.

The court first notes some facts that are probably fatal to the petitioner's claim and rebut his mistaken belief that he was taken into INS custody on the date the final order of deportation was entered, May 6, 1998. Detention is generally mandatory during the first ninety days of a criminal alien's removal period, when federal law directs that "the Attorney General shall detain the alien." See 8 U.S.C. § 1231(a)(1)(C)(2). If the alien is imprisoned in other than INS detention, the removal period begins to run on the date he is released from imprisonment to INS custody. See 8 U.S.C. § 1231(a)(1)(B)(iii). At the time the final order was entered, petitioner was a fugitive. Additionally, after he was apprehended, he was incarcerated on a federal offense. He was not remanded to INS custody until May 5, 2000, following the completion of his federal sentence. Thus, at the time petitioner sent the

3

instant pleading to the Clerk of Court, he had been in INS custody less than two months. As such, the petitioner had not even spent the mandatory ninety days in INS custody.

Further, the petitioner's claim that he has not received the appropriate administrative review of his custody status fares no better. The detention of aliens for prolonged periods when the countries of origin refuse to allow their return is constitutional if the INS provides periodic reviews to assess their risk of flight and danger to the community. See Chi Thon Ngo, supra, 192 F.3d at 392. Here, petitioner is receiving such periodic review. On July 24, 2000, the INS sent petitioner a "Notice to Alien of File Custody Review," advising him that he would be receiving a review of his custody status on or about August 2, 2000. (Doc. 6, Exh. F).

As to the process that would withstand constitutional scrutiny, the court in Chi Thon Ngo found that the INS "Interim Rules," attached as an Appendix to the opinion in that case, would "provide reasonable assurance of fair consideration of a petitioner's application for parole pending removal." Id. at 399.

Based on the foregoing, we will dismiss the petition. At the time it was filed, petitioner had been in INS custody for less than ninety days. Further, petitioner received notice that a review would be held on or about August 2, 2000, where he would be able to present information supporting his contention that he should be released. As such, the procedures in effect in this case at the

4

time petitioner filed this action clearly satisfy due process standards under Chi Thon Ngo.

We recognize that Chi Thon Ngo dealt with an excludable alien, and the petitioner is a deportable alien. However, in Cuesta Martinez, supra, we decided that Chi Thon Ngo should apply to deportable aliens. Recently, in Michel v. INS, ___ F. Supp. 2d ___, 2000 WL 1656282 (M.D. Pa. 2000), Judge McClure agreed with our holding.

We are not unmindful that periodic review may become routine. In relegating an alien to the INS review process, the Third Circuit in Chi Thon Ngo warned:

> We do not intend to create a new legal fiction that allows for de facto indefinite detention based upon reviews that are comprehensive in theory but perfunctory in fact. Thus, if experience should show that our initial reaction to the Interim Rules or eventual permanent regulations was too sanguine, there will be time enough to consider . . . more extensive methods [for determining whether an alien subject to a removal order should be detained].

192 F.3d at 399 (brackets added). However, petitioner here is still too early in the process for that consideration to be relevant.

Accordingly, the petition for writ of habeas corpus will be denied. An appropriate order will issue.

_/s/ William W. Caldwell_
WILLIAM W. CALDWELL
United States District Judge

Date: November 20, 2000

5

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ZHANG GUANG HUA,           :
                           :
       Petitioner          :
                           :
    v.                     :   CIVIL NO. 1:CV-00-1256
                           :
JANET RENO,                :   (Judge Caldwell)
                           :
       Respondent          :

FILED
HARRISBURG, PA

NOV 2 0 2000

O R D E R

MARY E. D'ANDREA, CLERK
Per _____
         Deputy Clerk

AND NOW, this 20th day of November, 2000, in accordance with the accompanying memorandum, it is ordered that:

1. The petition for a writ of habeas corpus is denied.

2. The Clerk of Court is directed to close this case.

_____
WILLIAM W. CALDWELL
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

\* \* MAILING CERTIFICATE OF CLERK \* \*

November 20, 2000

Re:  1:00-cv-01256    Hua v. Reno

True and correct copies of the attached were mailed by the clerk to the following:

Zhang Guang Hua
CTY-SNY
Snyder County Jail
#0000255
600 Old Colony Rd.
Selinsgrove, PA  17870-8610

Martin C. Carlson, Esq.
U.S. Attorney's Office
Room 217 Federal Building
228 Walnut St.
Harrisburg, PA  17108

cc:
Judge                           (✓)
Magistrate Judge                ( )
U.S. Marshal                    ( )
Probation                       ( )
U.S. Attorney                   ( )
Atty. for Deft.                 ( )
Defendant                       ( )
Warden                          ( )
Bureau of Prisons               ( )
Ct Reporter                     ( )
Ctroom Deputy                   ( )
Orig-Security                   (✓)
Federal Public Defender         ( )
Summons Issued                  ( ) with N/C attached to complt. and served by:
                                    U.S. Marshal ( )    Pltf's Attorney ( )
Standard Order 93-5             ( )
Order to Show Cause             ( ) with Petition attached & mailed certified mail
                                    to:  US Atty Gen   ( )    PA Atty Gen ( )
                                         DA of County  ( )    Respondents ( )
Bankruptcy Court                ( )
Other  L. Quinn                 (✓)
       PPSLC

MARY E. D'ANDREA, Clerk

DATE: 11/20/00                                BY: /s/
                                                  Deputy Clerk