Law Clerk's Copy

Copy 
(8)

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

ZHANG GUANG HUA,          :
    Petitioner         :
                       :
v.                        :   CIVIL NO. 1:CV-00-1256
                       :   (Judge Caldwell)
JANET RENO,               :
    Respondent         :

FILED
HARRISBURG

AUG 8 2001

MARY E. D'ANDREA, CLERK
Per_____
    DEPUTY CLERK

MOTION FOR RELIEF FROM JUDGMENT
PURSUANT TO CIVIL RULE 60

Now comes Petitioner, pro se, and respectfully ask this honorable court to entertain this motion pursuant to civil rule 60(b)(2) and/or (6).

Petitioner further ask this honorable court to apply the standards in **Haines v. Kerner**, 404 U.S. 519 (1972) in regards to pro se petitions and cure any procedural errors.

### LEGAL FACTS

Rule 60(b) of the Federal Civil Procedures provides in part:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, ... ; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under rule 59(b); (3) fraud ... ; (4) the judgment is void; (5) the judgment has ... ; (6) any other reason justifying relief from the operation of the judgment. the motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. ...

-1-

The order for which Petitioner is requesting relieve is the denial of his habeas corpus petition. The MEMORANDUM and order was filed on November 20, 2001 in this honorable court. (Exhibit A)

The newly discovered evidence and/or the reason to justify the relief requested, are the recent rulings of the Supreme Court, Zadvydas v. Davis, 533 U.S. ___, 121 S. Ct. 2491, 2001 WL 720662 (June 28, 2001) and INS v. St. Cyr, ___ U.S. ___, 2001 WL 703922 (U.S. June 21, 2001), which directly affects this Petitioner's case.

### ARGUMENT

Civil Rule 60 motions may be based on the grounds, and must be filed within the time periods. See United States v. Clark, 984 F. 2d 31, 34 (2d Cir. 1993) (motion for reconsideration of denial of section 2255 motion, filed more than 10 days after denial of section 2255 motion, could be filed pursuant to Rule 60(b)).

Petitioner's motion is based on the grounds of newly discovered evidence and strong reasons that justify the requested relief. The motion is being filed within the time period, 8 months after the denial, which is before one year from the court order of November 20, 2000.

Petitioner's based for relief is the close relationship between his case and the case decided by the Supreme court, Zadvydas v. Davis, 533 U.S. ___, 121 S. Ct. 2491, 2001 WL 720662 (June 28, 2001). This Supreme Court decision modified Ngo v. INS, 192 F.3d 390, 392, 394-98 (3d Cir. 1999) which this court used as basis for the denial of his petition. See Mohammed v. Sullivan, 866 F.2d 258, 260 (8th Cir. 1989) (Rule 60(b) is ""'properly invoked where there are extraordinary circumstances, or where the judgment may work an extreme and undue hardship," and "should be liberally construe when substantial justice will be served""'; "'postjudgment change in the law having retroactive application may, in special circumstances, constitute an extraordinary circumstance warranting vacation of judgment'"); Ritter v. Smith, 811 F.

-2-

1398, 1401-03 (11th Cir. 1987) (relief granted based in supervening change in law).

<u>Indefinite detention of removable aliens for long periods, of more than six months, is not authorized by Congress and was found unconstitutional by the Supreme Court.</u>

The Supreme Court reasoned:
> "The post-removal period detention statute, read in light of the Constitution's demands, implicit limits an alien's detention to a period reasonably necessary to bring about that alien's removal from the United States, and does not permit indefinite detention. Pp 8-19" <u>Zadvydas</u> v. <u>Davis</u>, 533 U.S. ___, 121 S. Ct. 2491, 2001 WL 720662 at *2.

> "...Thus, for the sake of uniform administration in the federal courts, six months is the appropiate period. After the 6-month period, once an alien provides good reason to believe that there is not significant likelihood of removal in the reasonably foreseeable future, the Government must furnish sufficient evidence to rebut that showing. Pp 19-22." <u>Zadvydas</u>, supra, at *3.

Petitioner has been under the custody of INS since May 4, 2000. Those 14 months is much greater than the period of six months considered appropiate by the Supreme Court. Although Petitioner has fully cooperated with INS efforts to obtain his travel documents, that effort has been unsucessful. Petitioner has been waiting for 14 months to be deported; however, China's consulate has repeatedly refused to issue him travel documents. It is also amply known that there are many Chinese citizens detained around the country waiting for several years to get travel documents and China has refused to take them back.

The Supreme Court has limited the continued detention of all aliens in the same case as this Petitioner:

> "...In our view, the statute, read in light of the Constitution's demands, limits alien's post-removal period detention to a period reasonably necessary to bring about that alien's removal from the United States. It does not permit indefinite detention." <u>Zadvydas</u> at *7.

The reasonably period that the court considered appropiate was six months, which in this Petitioner's case has long passed.

Although INS has reviewed this Petitioner's custody status, the decision has been to continue his detention based on his past criminal conviction. However, the Supreme Court has upheld preventive detention based on dangerousness only when limited to 'specially dangerous individuals.' This Petitioner, Guang Hua, does not fall within the category of 'specially dangerous' set by the Supreme Court to justify his continued detention:

> "The second justification--protecting the community--does not necessarily diminish in force over time. But **we have upheld preventive detention based on dangerousness only when limited to specially dangerous individuals** and subject to strong procedural protections. ... In cases in which preventive detention is of potentially indefinite duration, we have also demanded that the dangerousness rationale be accompanied by some other special circumstance, such as mental illness, that helps to created the danger." **Zadvydas** at *8. (citations omitted, emphasis added).

The court further reasoned:

> "A statute permitting indefinite detention of an alien would raise a serious constitutional problem, The Fifth Amendment's Due Process Clause forbids the Government to 'depriv[e]' any 'person ... of ... liberty ... without due process of law.' Freedom from imprisonment--from government custody, detention, or other forms of physical restrain--lies at the heart of the liberty that Clause protects. See Foucha v. Louisiana, 504 U.S. 71, 80 (1992). And this court has said that government detention violates that Clause unless the detention is ordered in a criminal proceeding with adequate procedural protections, see United States v. Salermo, 481 U.S. 739, 746 (1987), or, in certain special and 'narrow' non-punitive circumstances, Foucha, supra at 80, where a special justification, such as harm threatening mental illness, outweighs the 'individual's constitutionally protected interes in avoiding physical restrain.' Kansas v. Hendricks, 521 U.S. 346, 356 (1997). The proceedings at issue here are civil, not criminal, and we assume that they are nonpunitive in purpose and effect." **Zadvydas** at *7 A.

Petitioner was in the United States; therefore, he is entitled

-4-

to constitutional protections:

> "It is well established that certain constitutional protections available to persons inside the United States are unavailable to aliens outside our geographic borders ...But once an alien enters the country, the legal circumstance changes, for the Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent. ..." **Zadvydas** at *9.

The Supreme Court upheld the jurisdiction of district courts to entertain habeas corpus petitions under §2241 and to discharge persons being held unconstitutionally:

> "Federal courts have been authorized to issue writs of habeas corpus since the enactment of the Judiciary Act of 1789, and §2241 of the Judicial Code provides that federal judges may grant the writ of habeas copus on the application of a prisoner being held in custody in violation of the Constitution or laws or treaties of the United States.'"
>
> "[25]In fact, §2241 descends directly from §14, 1 Stat. 82; Act of Feb. 5, 1867, ch. 28, 14 Stat. 385. **Its text remained undisturbed by either AEDPA or IIRIRA.**"

**INS v. St. Cyr**, ___ U.S. ___, 2001 WL 703922 (U.S. June 25, 2001) at *10 and FN 25.(emphasis added)

The Supreme Court stated in **Walker v. Johnston** that there could be situations where on the facts admitted, it may appear that, as a matter of law, the prisoner is entitled to a writ and to a discharge, and the Supreme Court and federal courts thereafter have acknowledge the power of a federal district court to discharge a habeas corpus petitioner from custody without conducting an evidentiary hearing, when the facts are undisputed and established a denial of petitioner's constitutional rights. See **Browder v. Director**, 434 U.S. 257, 266 n. 10 (1978) (qouting **Walker v. Johnston**, 312 U.S. 275, 284 (1941), and citing authority).

## CONCLUSION

For the foregoing arguments, Petitioner's case is fully governed by <u>Zadvydas</u> v. <u>Davis</u>, 533 U.S. ___, 121 S. Ct. 2491, 2001 WL 720662 (June 28, 2001). Zadvydas' case modified <u>Ngo</u> v. <u>INS</u>, 192 F.3d 390 (3d Cir. 1999) which was used by this court as basis to deny Petitioner's habeas corpus.

Therefore, Petitioner respectfully request that this honorable court grant his motion for relief from judgment and order his release under any conditions that this court and/or Respondents deem appropiate.

Respectfully submitted,

8/1/2001

DATED

*zhang juay hua*

ZHANG GUANG HUA
# 00-00255
SNYDER COUNTY PRISON
600 OLD COLONY ROAD
SELINSGROVE, PA 17870

## CERTIFICATE OF SERVICE

I certify that on August 2, 2001, I served the United States Attorney with a copy of the foregoing, Motion For Relief From Judgment, by placing a true and complete copy in an envelope, postage prepaid, and mailing it, addressed as follows:

MARTIN C. CARLSON
ASSISTANT UNITED STATES ATTORNEY
228 WALNUT STREET, 2nd FLOOR
P.O. BOX 11754
HARRISBURG, PA 17108-1754

*zhang guan hua*
Zhang Guang Hua

ZHANG GUANG HUA

EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ZHANG GUANG HUA,                  :
                                  :
        Petitioner                :
                                  :
    v.                            :       CIVIL NO. 1:CV-00-1256
                                  :
JANET RENO,                       :       (Judge Caldwell)
                                  :
        Respondent                :

M E M O R A N D U M

FILED
HARRISBURG, P
NOV 2 0 2000
MARY E. D'ANDREA, C
Per _____
Deputy Clerk

I.  Introduction.

    Zhang Guang Hua, a deportable alien, has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2241. The petitioner principally contends that his prolonged detention in INS custody awaiting deportation to China violates his right to due process under the Fifth Amendment. Because petitioner is receiving all the process that is due him, the petition will be denied.

II. Background

    From the submissions of the parties, the following appears to be an accurate statement of the case. Petitioner is a Chinese National who entered the United States illegally on or about May 2, 1996, without Immigration and Naturalization Service ("INS") inspection. One month after his entry into the United States, on June 6, 1996, the INS commenced deportation proceedings against petitioner by serving him with an Order to Show Cause and an arrest

warrant. On May 6, 1998, a final order of deportation was entered against petitioner. This order was entered in absentia by the Immigration Judge since petitioner had absconded prior to the final deportation proceedings and, as such, was a fugitive. Efforts were thereafter made by the INS to locate and arrest petitioner.

One month after entry of the final deportation order, on June 24, 1998, petitioner engaged in criminal conduct which resulted in his indictment in New York on a federal charge of interference with commerce by threats of violence in violation 18 U.S.C. § 1951. On June 24, 1999, petitioner was convicted of this offense and sentenced to prison.

Following his conviction, petitioner was confined at the Federal Correctional Institution at Allenwood, Pennsylvania. On May 5, 2000, upon completion of his sentence, he was remanded to INS custody. The INS thereafter contacted the Chinese consular officials in order to arrange travel documents for him. On July 24, 2000, petitioner was provided with notice of an INS "File Custody Review." The review was scheduled for on or about August 2, 2000.

While the INS was attempting to effectuate petitioner's deportation, on June 29, 2000, he sent the instant habeas corpus petition to the Clerk of Court, which was filed on July 14, 2000. In his petition he states that his final order of deportation was entered on May 6, 1998, and that he does not challenge the deportation. He claims that because the INS is unable to

2

effectuate his deportation, his continued detention in INS custody from May 6, 1998, without review, violates the Fifth Amendment.

III. Discussion

This court has jurisdiction over petitioner's constitutional challenge to his continuing detention pending execution of the removal order. See Chi Thon Ngo v. INS, 192 F.3d 390, 393 (3d Cir. 1999); Cuesta Martinez v. INS, 97 F. Supp. 2d 647 (M.D. Pa. 2000) (Caldwell, J.). Petitioner maintains that he is being held in INS custody without being allowed an opportunity to show that continued confinement is unwarranted.

The court first notes some facts that are probably fatal to the petitioner's claim and rebut his mistaken belief that he was taken into INS custody on the date the final order of deportation was entered, May 6, 1998. Detention is generally mandatory during the first ninety days of a criminal alien's removal period, when federal law directs that "the Attorney General shall detain the alien." See 8 U.S.C. § 1231(a)(1)(C)(2). If the alien is imprisoned in other than INS detention, the removal period begins to run on the date he is released from imprisonment to INS custody. See 8 U.S.C. § 1231(a)(1)(B)(iii). At the time the final order was entered, petitioner was a fugitive. Additionally, after he was apprehended, he was incarcerated on a federal offense. He was not remanded to INS custody until May 5, 2000, following the completion of his federal sentence. Thus, at the time petitioner sent the

3

instant pleading to the Clerk of Court, he had been in INS custody less than two months. As such, the petitioner had not even spent the mandatory ninety days in INS custody.

Further, the petitioner's claim that he has not received the appropriate administrative review of his custody status fares no better. The detention of aliens for prolonged periods when the countries of origin refuse to allow their return is constitutional if the INS provides periodic reviews to assess their risk of flight and danger to the community. See Chi Thon Ngo, supra, 192 F.3d at 392. Here, petitioner is receiving such periodic review. On July 24, 2000, the INS sent petitioner a "Notice to Alien of File Custody Review," advising him that he would be receiving a review of his custody status on or about August 2, 2000. (Doc. 6, Exh. F).

As to the process that would withstand constitutional scrutiny, the court in Chi Thon Ngo found that the INS "Interim Rules," attached as an Appendix to the opinion in that case, would "provide reasonable assurance of fair consideration of a petitioner's application for parole pending removal." Id. at 399.

Based on the foregoing, we will dismiss the petition. At the time it was filed, petitioner had been in INS custody for less than ninety days. Further, petitioner received notice that a review would be held on or about August 2, 2000, where he would be able to present information supporting his contention that he should be released. As such, the procedures in effect in this case at the

4

time petitioner filed this action clearly satisfy due process standards under <u>Chi Thon Ngo</u>.

We recognize that <u>Chi Thon Ngo</u> dealt with an excludable alien, and the petitioner is a deportable alien. However, in <u>Cuesta Martinez</u>, <u>supra</u>, we decided that <u>Chi Thon Ngo</u> should apply to deportable aliens. Recently, in <u>Michel v. INS</u>, ___ F. Supp. 2d ___, 2000 WL 1656282 (M.D. Pa. 2000), Judge McClure agreed with our holding.

We are not unmindful that periodic review may become routine. In relegating an alien to the INS review process, the Third Circuit in <u>Chi Thon Ngo</u> warned:

> We do not intend to create a new legal fiction that allows for de facto indefinite detention based upon reviews that are comprehensive in theory but perfunctory in fact. Thus, if experience should show that our initial reaction to the Interim Rules or eventual permanent regulations was too sanguine, there will be time enough to consider . . . more extensive methods [for determining whether an alien subject to a removal order should be detained].

192 F.3d at 399 (brackets added). However, petitioner here is still too early in the process for that consideration to be relevant.

Accordingly, the petition for writ of habeas corpus will be denied. An appropriate order will issue.

/s/ William W. Caldwell
WILLIAM W. CALDWELL
United States District Judge

Date: November 20, 2000

5

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ZHANG GUANG HUA, :
 :
    Petitioner :
 :
v. : CIVIL NO. 1:CV-00-1256
 :
JANET RENO, : (Judge Caldwell)
 :
    Respondent :

FILED
HARRISBURG, PA
NOV 2 0 2000
MARY E. D'ANDREA, CL
Per _____
Deputy Clerk

O R D E R

AND NOW, this 20th day of November, 2000, in accordance with the accompanying memorandum, it is ordered that:

1. The petition for a writ of habeas corpus is denied.
2. The Clerk of Court is directed to close this case.

_____
WILLIAM W. CALDWELL
United States District Judge