See Attachment

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ZHANG GUANG HUA,

    Petitioner

vs.

JANET RENO,

    Respondent

CIVIL NO. 1:CV-00-1256

(Judge Caldwell)

M E M O R A N D U M

I. Introduction

    On July 14, 2000, petitioner, Zhang Guang Hua, filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The petition challenged his continued detention by the Immigration and Naturalization Service ("INS") pending execution of a final order of removal to China. On November 20, 2000, we denied the petition because Zhang Guan Hua was receiving all the process that was due him under Chi Thon Ngo v. INS, 192 F.3d 390, 393 (3d Cir. 1999).

    Presently before the court is the petitioner's motion for relief from judgment pursuant to Fed. R. Civ. P. 60. For the reasons set forth below, his motion will be denied. However, petitioner will be advised of available administrative remedies with the INS.

II.  Discussion

Zhang Guang Hua's motion is based on the Supreme Court's recent ruling in Zadvydas v. Davis, ___ U.S. ___, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001).  As in his original petition, but in light of Zadvydas, he argues his continued detention by the INS pending his removal to China is inappropriate.

We will deny the motion.  Rule 60(b) provides, in relevant part, that the district court:

> may relieve a party or party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; ... (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged ...; or (6) any other reason justifying relief from the operation of the judgment[.]

In his request for relief pursuant to the Rule, the Petitioner does not suggest that there was any error of law in the previous order at the time it was filed.  He does not suggest the existence of newly discovered *evidence* or *facts* which would have changed the outcome of his petition at that time.  Thus, the current motion will be denied.

However, the court is mindful of Zhang Guang Hua's argument that Zadvydas may affect the legality of his continued detention.  While a Rule 60 motion is not the appropriate vehicle to address these developments, the Petitioner is not without a forum to litigate this change in the law.

-2-

Following the Supreme Court's decision in Zadvydas, the Attorney General issued a memorandum to the acting Commissioner of the INS directing the Commissioner, among other things, to draft regulations on or before July 31, 2001, that set forth a procedure for aliens subject to a final order of removal to present a claim that they should be released from custody because there is no significant likelihood of deportation in the foreseeable future. See 66 F.R. 38433 (July 24, 2001). Until the promulgation of such regulations, the Attorney General further directed the INS to implement specific interim procedures with respect to the specific class of aliens. Those procedures provide, in relevant part, that the INS should immediately start to accept written requests from detained aliens who believe that there is no significant likelihood of their removal in the reasonably foreseeable future. Moreover, the requests should be submitted and considered under the existing custody review procedures established by 8 C.F.R. § 241.4.

Therefore, the Petitioner should direct a challenge to his prolonged detention to the INS as a request for release under the procedures set forth in 8 C.F.R. § 241.4. The Attorney General made clear that the INS should respond in 30 days or less to such a request.[1]

---

[1] If the Petitioner is dissatisfied with the results, after exhaustion of administrative remedies, he can file a new habeas corpus petition.

-3-

We will issue an appropriate order.

_____
William W. Caldwell
United States District Judge

Date:   September 7, 2001

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ZHANG GUANG HUA,

    Petitioner

vs.

    CIVIL NO. 1:CV-00-1256

    (Judge Caldwell)

JANET RENO,

    Respondent

## O R D E R

AND NOW, this 7th day of September, 2001, in accordance with the accompanying memorandum, it is ordered that Petitioner's motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b) (doc. 8) is denied.

*/s/ William W. Caldwell*
William W. Caldwell
United States District Judge

FILED
SEP 7 2001
PER ___
HARRISBURG, PA.    DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

\* \* MAILING CERTIFICATE OF CLERK \* \*

September 7, 2001

Re:  1:00-cv-01256   Hua v. Reno

True and correct copies of the attached were mailed by the clerk to the following:

```
Martin C. Carlson, Esq.
U.S. Attorney's Office
Room 217 Federal Building
228 Walnut St.
Harrisburg, PA  17108

Zhang Guang Hua
CTY-SNY
Snyder County Jail
#0000255
600 Old Colony Rd.
Selinsgrove, PA  17870-8610
```

```
cc:
Judge                              (✓)         (✓) Pro Se Law Clerk
Magistrate Judge                   ( )         ( ) INS
U.S. Marshal                       ( )         ( ) Jury Clerk
Probation                          ( )
U.S. Attorney                      ( )
Atty. for Deft.                    ( )
Defendant                          ( )
Warden                             ( )
Bureau of Prisons                  ( )
Ct Reporter                        ( )
Ctroom Deputy                      ( )
Orig-Security                      ( )
Federal Public Defender            ( )
Summons Issued                     ( )  with N/C attached to complt. and served by:
                                        U.S. Marshal ( )    Pltf's Attorney ( )
Standard Order 93-5                ( )
Order to Show Cause                ( )  with Petition attached & mailed certified mail
                                        to:  US Atty Gen  ( )   PA Atty Gen ( )
                                             DA of County ( )   Respondents ( )
Bankruptcy Court                   ( )
Other_____        ( )
```

MARY E. D'ANDREA, Clerk

DATE: 9/7/01                                           BY: /s/ JSM
                                                            Deputy Clerk